# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CURTIS TAYLOR, JR.,**

    Petitioner,

    v.

**RAY ROBERTS et al.,**

    Respondents.

Case No. 14-3110

## MEMORANDUM AND ORDER

Petitioner Curtis Taylor, Jr., an inmate at El Dorado Correctional Facility in El Dorado, Kansas, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner was convicted in Wyandotte County District Court of one count of aggravated burglary and sentenced to 122 months in prison. He now seeks federal habeas relief on grounds that there is insufficient evident to support his conviction, that he was denied exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that the prosecutor committed misconduct by dismissing and re-filing the charge in this case. For the reasons set for the below, the court denies the petition.

**I.    Background**

Petitioner was charged with one count of aggravated burglary in Wyandotte County District Court after he was identified as the individual seen throwing a rock through the window of a family residence and attempting to remove the screen. The victim told police she saw a black man wearing a light brown jacket and similar colored hat trying to remove the screen. The victim's husband, who was driving home around the same time, also saw a black man wearing a brown jacket and brown hat

-1-

running from the home. Officers detained the individual who was wearing the brown jacket and brown hat and identified him as petitioner.

Petitioner waived his *Miranda* rights and spoke with a detective, denying any involvement in the crime. The detective recorded and transcribed the interview and summarized the contents for her investigative report. This investigative report, along with other materials from the prosecutor's file, was turned over to petitioner's defense counsel prior to trial. The prosecutor, however, did not turn over the 9-page written transcript of petitioner's interview in the initial discovery exchange. The State learned of the omission three days before petitioner's trial was scheduled to begin. The State immediately emailed petitioner's defense counsel and offered to provide a copy of the transcript. Petitioner's defense counsel claims that he did not see that email until after the trial.

At trial, prosecutors did not present any evidence regarding petitioner's interview with the detective and petitioner presented no evidence. The jury convicted petitioner of one count of aggravated burglary. After trial, petitioner filed a motion for new trial, arguing the State's failure to disclose the interview transcript violated his constitutional rights. During a hearing on the motion, petitioner's defense counsel conceded that he was aware of the existence of the transcript, but not the specific contents. In denying the motion, the district court found that the State was required by law to provide petitioner with the exculpatory statements within the transcript of the interview, but petitioner was not prejudiced by the State's failure to provide the transcript because his defense counsel had been provided with an accurate summary of the contents well before trial. Further, petitioner was aware of the contents of the statement prior to trial.

Petitioner appealed his conviction, arguing his constitutional rights were prejudiced by the State's suppression of the exculpatory evidence. In affirming the conviction, the Kansas Court of Appeals found that petitioner was not prejudiced because his defense counsel had received an

"accurate and sufficiently thorough summary of [petitioner's] in-custody statement, well before trial." *State v. Taylor*, No. 105, 195, 2012 WL 687072 at *5 (Kan. Ct. App. Feb. 24, 2012). The court went on to note that the State should have provided a transcript of the statement during the initial discovery exchange, but it did make the transcript available prior to trial, as soon as it discovered the omission. *Id.* The Kansas Supreme Court denied petitioner's petition for review of the Court of Appeals' decision.

Petitioner filed a timely motion for post-conviction relief pursuant to K.S.A. § 60-1507 in the Wyandotte County District Court. After hearing testimony on the motion, the district court denied relief. A notice of appeal was filed in regard to the court's denial of petitioner's § 1507, but no appeal was ever docketed. Petitioner then filed for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

## II. Legal Standards

Petitions filed under 28 U.S.C. § 2254 are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000). Under the AEDPA, a court may only grant a petition if a petitioner can show the state court proceeding (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (citing 28 U.S.C. § 2254(d)(1)–(2)). The state court's factual findings are presumed correct unless the petitioner can rebut the presumption by clear and convincing evidence. *Id.*

Under 28 U.S.C. § 2254(d)(1), the court will only find a state court decision *contrary* to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has

-3-

on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Alternatively, the court will find a state court decision is an *unreasonable application* of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the fact of the prisoner's case." *Id.* The key inquiry into whether the decision was an unreasonable application of federal law is whether it was "objectively unreasonable." *Gibson*, 227 F.3d at 1310. This, however, does not necessarily require an "incorrect application of federal law." *Id.*

The United States Supreme Court has held that "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). This includes interpretation of both statutory laws and constitutional claims. *Id.* Recognizing the states' ability to sufficiently interpret federal law, the AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.* To meet this high burden, prisoners must show "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Id.*

### III. Analysis

As mentioned above, the petition is based on four grounds: (1) insufficient evidence, (2) that petitioner had never been identified as the person who committed the crime, (3) failure by the State to turn over exculpatory evidence, and (4) prosecutorial misconduct. This court previously dismissed grounds (1), (2), and (4) for failure to properly exhaust state court remedies as required by 28 U.S.C. §2254(b)(1). (Doc. 7.) The court, therefore, will only address petitioner's claim that his constitutional rights were violated when the State failed to turn over exculpatory evidence.

The State's suppression of exculpatory evidence "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To establish a *Brady* claim, the petitioner must prove by a preponderance of the evidence (1) "the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or inadvertently" and (3) "prejudice must have ensued." *Banks v. Dretke*, 540 U.S. 668, 691 (2004).

In addressing petitioner's *Brady* claim, the Kansas Court of Appeals found that the evidence in question—the transcript of petitioner's statement denying involvement in the crime—was exculpatory. *Taylor*, 2012 WL 687072 at *4. The court, however, found that the second element of the *Brady* test was not met, as there was no suppression of the evidence. *Id.* The court noted that although the transcript of the interview was not made available until three days before trial, the contents of the interview were sufficiently summarized and included in the detective's investigative report, which had been provided to petitioner's defense counsel well in advance of trial. *Id.* (noting "[t]he transcript of Taylor's verbatim statement to [the detective] . . . contains no substantive information about the case that is not contained in the summary of the interview set forth in [the detective's] investigative report."). The court also found petitioner's claim failed under the third element of the *Brady* test because the transcript of his statement was not material. *Id.* at *5. Because petitioner's defense counsel had an "accurate and sufficiently thorough" summary of petitioner's statements well before trial, there was no reasonable probability that the outcome of the trial would have been different had his counsel received the verbatim transcript. *Id.*

Because he makes no claim regarding the Kansas Court of Appeals' determination of the facts, the court will assume petitioner seeks relief based on an alleged contrary or unreasonable application

of federal law. Petitioner, however, provides no basis for the court to find that the Kansas Court of Appeals' ruling "was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Titlow*, 134 S.Ct. at 15.

First, the court is unpersuaded that the evidence was "suppressed" within the meaning of the second *Brady* element. The Kansas Court of Appeals found that not only did petitioner have access to a sufficient summary of the contents of his interview; the verbatim interview transcript was, in fact, made available to him three days before trial. His defense counsel's alleged failure to procure that transcript is irrelevant in the suppression analysis.

Regardless of whether the evidence was suppressed, petitioner has not shown how he was prejudiced by not having access to the verbatim transcript of his own statements prior to trial. *See e.g.*, *United States v. Dawson*, 425 F.3d 389, 393 (7th Cir. 2005) (finding no *Brady* violation when defendants were parties to the conversation at issue because "*Brady* requires disclosure only of exculpatory material known to the government but not to the defendant"); *Fullwood v. Lee*, 290 F.3d 663, 686 (4th Cir. 2002) (finding the State had not suppressed information that came out during the defendant's conversation with a detective because "the *Brady* rule does not compel the disclosure of evidence available to the defendant from other sources, including diligent investigation by the defense). Petitioner knew that he had given exculpatory statements to the detective, and had an "accurate and sufficient" summary of that interview prior to trial. *See United States v. Hudson*, 813 F. Supp. 1482, 1490 (D. Kan. 1993) (finding law enforcement agent's rough notes that were used in preparation of his final report were not material because "the uncontroverted evidence was that his final report included even more information and was more complete than were his rough notes"). There is no evidence that the outcome of the trial would have been any different had he had access to the verbatim transcript. And there is no legal basis to support a finding that the Kansas Court of

Appeals made a decision in petitioner's direct appeal that was contrary to or involved an unreasonable application of *Brady*.

**IT IS THEREFORE ORDERED** that petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied.

This case is closed.

Dated August 3, 2017, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**